IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Allstate Life Insurance, | : | |
| Plaintiff | : | Case No. 2:04-cv-1111 |
| v. | : | Judge Holschuh |
| Gary S. Short, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Order**

This matter is before the Court on plaintiff Allstate Life Insurance Company's ("Allstate") January 6, 2005 motion to dismiss defendant Dorothy J. Milliron's counterclaim, motion for discharge and motion for attorney fees (doc 5).

Background. The complaint alleges that on or before March 7, 1996 decedent Gary R. Short purchased an annuity for $151,832.30. He named defendants Terri S. Short and Gary S. Short as beneficiaries. However, a "Change of Beneficiary Request" dated September 10, 2004 and signed "Gary R. Short" names Dorothy J. Milliron as the primary beneficiary. Gary R. Short died September 28, 2004. The value of the annuity was then $292,570.91. Ms. Milliron filed a claim on the annuity, but counsel
for Terri S. Short and Gary S. Short notified Allstate that the change of beneficiary request was fraudulent and asked that the proceeds of the annuity be paid to his clients.

Defendant Milliron has filed a counterclaim alleging that in March 2002 Gary R. Short executed a change of beneficiary, but Northbrook Life Insurance Company or its employees or

1

agents lost the change of beneficiary form. Defendants Terri S. Short and Gary S. Short have filed a crossclaim. It alleges that the September 10, 2004 change of beneficiary "was the result of force, undue influence, coercion or duress exerted by defendant Milliron and against decedent Gary R. Short and therefore, the change of beneficiary request form is void and invalid." Counterclaim, ¶ 8. It further asserts that Terri S. Short and Gary S. Short are the decedent's children and that Ms. Milliron was not related to the decedent, but that she was a caregiver to him. *Id.*, ¶¶ 1 and 4-5. Because Allstate is unable to determine to whom the proceeds should be paid, it filed this interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

Arguments of the Parties. Defendant Milliron opposes the dismissal of her counterclaim against Allstate and argues that she is entitled to pursue discovery to determine why Allstate does not have the first change of beneficiary form that the decedent allegedly submitted in 2002. Allstate denies that it received a change of beneficiary form in 2002; it maintains that it only received the November 2004 change of beneficiary form. Allstate argues that even if it had received a 2002 change of beneficiary form, the decedent's children, defendants Terri S. Short and Gary S. Short, would still challenge the validity of the beneficiary change regardless of when it was executed because they believe that their father was not of sound mind and was easily influenced. Because it faces double exposure as a result of conflicting claims, Allstate maintains that interpleader relief is appropriate.

Discussion. Rule 22 of the Federal Rules of Civil Procedure provides in pertinent part:

> Persons having claims against the plaintiff may be joined as defendants and
> required to interplead when their claims are such that the plaintiff is or may be
> exposed to double or multiple liability. It is not ground for objection to the joinder
> that the claims of the several claimants or the titles on which their claims depend
> do not have a common origin or are not identical but are adverse to and
> independent of one another, or that the plaintiff avers that the plaintiff is not liable

in whole or in part to any or all of the claimants.

Fed. R. Civ. P. 22(1). An interpleader action is designed to protect stakeholders from the risk of loss in the face of multiple claims and relieve the stakeholder from assessing which of those claims has merit.

An interpleader action is conducted in two stages. Wright & Miller, Federal Practice and Procedure, Ch. 5, § 1714. First, the Court determines whether the interpleader action is appropriate and that the stakeholder is entitled to bring the action. *Id.* If the Court determines that an interpleader action is appropriate and has been brought by a party entitled to do so, the Court may discharge a disinterested stakeholder, enjoin the parties from prosecuting any other action related to the subject matter, and direct the claimants to interplead. *Id.* In the second stage, the Court will determine the rights of the competing claims.

To determine whether the prerequisites to Rule 22 have been met, courts may consider whether the asserted threat of multiple claims against the same fund is genuine, whether the claimants are adverse to each other, and whether the plaintiff has no independent liability to the claimants. Wright & Miller, §§ 1704-1706. Here, it is clear that Allstate faces multiple claims to the decedent's annuity and that the claimants are adverse to one another because each named defendant has presented a claim to the proceeds of the annuity.

Defendant Milliron argues that Allstate is not disinterested and should not be discharged from this action because she has asserted a counterclaim. Once a stakeholder joins the claimants, a claimant may file a counterclaim against the stakeholder. *New York Life Insurance, v. Deshotel*, 142 F.3d 873, 881 (5th Cir. 1998). If the Court discharges Allstate from this action, defendant Milliron's counterclaim will also be dismissed. Milliron alleges that due to the

3

negligence of Allstate, a previous change of beneficiary form completed by the decedent was misplaced and not properly recorded. She maintains that absent this negligent act, her entitlement to the annuity would not be challenged. Allstate maintains that the decedent's children would have challenged the change of beneficiary that allegedly took place in 2002 just as they challenge the one from 2004.

Historically, interpleader was a remedy available in the courts of equity, which required strict adherence to the notion that the plaintiff have no independent liability to the claimants. Rule 22 does not contain explicit language requiring that there be no independent liability on behalf of the stakeholder, and it does state that an action for interpleader is not barred even though "the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants." Fed. R. Civ. P. 22. However, some courts do not permit a stakeholder to invoke interpleader if it may be liable to one of the claimants. *See e.g., Neveda Eighty-Eight, Inc. v. Title Ins. Co. of Minnesota*, 753 F. Supp. 1516, 1527 (D.C. Nev. 1990) ("Where there is a clear allegation of a breach of a duty owed by the party seeking interpleader to one of the claimants, a claim for non-statutory interpleader should not be granted.") Other courts have found that independent liability on behalf of the stakeholder is not a bar to an interpleader action. *See, e.g. Royal School Laboratories, Inc. v. Town of Watertown*, 358 F.2d 813 (1966).

Allstate relies on *Lutherhan Brotherhood v. Comyne*, 216 F. Supp. 2d 859 (E. D. Wis. 2002). In *Lutheran Brotherhood*, the plaintiff requested that the court discharge it from the case without further liability although the defendants had filed counterclaims against it asserting that they should have been paid the annuity proceeds. The court found that the plaintiff had properly sought interpleader relief, and the plaintiff was dismissed from the action because its continued

4

involvement would have no impact on the dispute between the defendants. The *Lutheran Brotherhood* Court noted that neither party had argued that the plaintiff was in some way culpable in necessitating the interpleader action. *Id.* at 864.

Here, defendant Milliron's counterclaim is not based on Allstate's failure to turn over the annuity to her. Instead, she asserts that the negligence of Allstate in handling an earlier change of beneficiary form may potentially cause her to lose the annuity she claims she is entitled to. In other words, Milliron suggests that had Allstate not acted negligently, there would be no need for this interpleader action. Although Allstate steadfastly denies that it received an earlier change of beneficiary form from the decedent, this denial is not sufficient grounds for this Court to determine that Milliron has no grounds for recovery. Indeed, Allstate has not filed a motion to dismiss the counterclaim; and it does not argue in its motion that should Milliron prove that Allstate's acquired company, Northbrook Life Insurance Company, negligently lost the 2002 change of beneficiary form, it could not legally be required to pay her consequential damages. It might also be argued that should Milliron prove that Gary R. Short executed a change of beneficiary in 2002 and delivered it to Northbrook or its agent, it would be the burden of defendants Gary S. Short and Terri S. Short to prove that the change of beneficiary was fraudulent. Then arguably, the dispute remains solely between the defendants and does not involve Allstate. However, it has not made that argument; and, as Milliron suggests, that argument should not be considered until the parties have had a fair opportunity to take discovery on the issues raised by the counterclaim. Furthermore, if the Court dismissed plaintiff from this action and then determined that defendants Gary S. Short and Terri S. Short were the rightful beneficiaries because their father did not execute a valid change of beneficiary form in 2004,

5

Milliron would be foreclosed from seeking damages against Allstate for its alleged negligence. *See New York Life Insurance Company*, 142 F.3d at 882 (concluding that defendant's negligence action against a life insurance company was barred because it was a compulsory counterclaim that she failed to plead in the interpleader proceeding).

The modern trend is to permit the interpleader action to proceed although the stakeholder is not disinterested or may be independently liable to one of the claimants. *See Progressive Casualty Insurance Co. v. Belmont Bankcorp*, 199 F.R.D. 219 (S.D. Oh. 2001)(holding there is no independent liability requirement with respect to statutory interpleader) and Wright & Miller, § 1706 ("[T]here is no reason today, under either the statute or the rule, for continuing to honor a limitation on the remedy that has no claim to validity other than that it is old.")

> Contemporary procedure with its flexible and liberal provisions for joinder of parties and claims, for separate trial of separate issues, for assuring that the right to a jury trial on a particular issue or claim is not impaired, and for shaping the relief to the necessities of the particular case is well adapted to disposing of interpleader cases even when independent liability is asserted.

Wright & Miller, § 1706.

Conclusion.  For the reasons stated above, plaintiff Allstate Life Insurance Company's January 6, 2005 motion to dismiss defendant Dorothy J. Milliron's counterclaim, motion for discharge and motion for attorney fees (doc 5) is GRANTED in part and DENIED in part.  This action may proceed in interpleader; however, Allstate is not discharged from this action.

Counsel are DIRECTED to confer with one another to propose an appropriate briefing and discovery schedule to determine the sequence and manner in which the interpleader action, defendant Milliron's counterclaim against Allstate, and defendants Gary S. Short and Terri S. Short's crossclaim against Milliron will be adjudicated.  Counsel are further DIRECTED to

provide the Court with a status report as to that schedule within fifteen days of this Order.


                                                s/ Mark R. Abel
                                                United States Magistrate Judge